NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMONT BOYD,<br><br>            Plaintiff,<br><br>    v.<br><br>MATTHEW PLATKIN *et al.*,<br><br>            Defendant. | Civil Action No.: 23-1660<br><br>**ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on *pro se* Plaintiff Lamont Boyd's ("Plaintiff") submission of a complaint against Matthew J. Platkin, Attorney General of New Jersey, and Christopher A. Wray, Director of the Federal Bureau of Investigation ("FBI"), and his corresponding application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.[1] ECF No. 1. Having considered Plaintiff's IFP application, the Court concludes that Plaintiff's financial condition renders payment of the $402.00 filing fee a hardship. Thus, the Court finds that Plaintiff qualifies for IFP status.

District courts must review complaints in civil actions in which a plaintiff is proceeding IFP and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). Thus, the Court has screened Plaintiff's complaint *sua sponte* to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro*

---

[1] The Court notes that Plaintiff misspells Wray's last name as "Wrary" in the caption of the case. ECF No. 1 at 1. Likewise, in both the caption and section I.B of his complaint, Plaintiff misidentifies Attorney General Platkin as "Platkins." ECF No. 1 at 1–2.

*se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff filed the instant action seeking relief under the Fourth, Fifth, Sixth, and Eight Amendments to the U.S. Constitution. Plaintiff's factual allegations in their entirety are as follows:

> I've been harassed and followed around by nj law enforcement and fbi agents for approximately 2 years now. I've been videoed recorded by passing helicopters and airplanes. I've noticed vehicles using facial recognition led lights. [T]hey've tapped my phone and have purposely and maliciously to stop me from recording them or looking up information regarding this civil complaint our just to mess with me during my leisure. [T]hey're using BCI (brain computer interface) CBI (computer brain interface) and Human to Human interfaces. To violate my constitutional rights.

ECF No. 1 at 4 (errors in original). Plaintiff seeks relief in the form of "the responsible agents and officers [being] brought to justice." *Id.* Plaintiff adds that "if there is an on going case or charge, [he would] like the[] respective agencies to state the grounds for such protocols and to bring such charges so [he] may properly defend [him]self in the court of law." *Id.*

The Court will dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). "Section 1915(e)(2)(B)(i) 'authorizes the dismissal of a[n IFP] complaint as factually frivolous if a court determines that the contentions are clearly baseless.'" *Ejikeme v. Dir. F.B.I.*, 639 F. App'x 75 (3d Cir. 2016) (quoting *Deutsch v. United States,* 67 F.3d 1080, 1085 (3d Cir. 1995)); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). "In making this determination, 'a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of plaintiff's allegations,' but must 'pierce the veil of the complaint's factual allegations' to decide if the claims are 'fantastic or delusional,' 'fanciful' or 'rise to the level of the irrational or wholly incredible.'" *Davis v. Bergami*, No.

2

CV2115868CPOSAK, 2022 WL 4131966, at *1 (D.N.J. Sept. 9, 2022) (quoting *Denton*, 504 U.S. at 32–33). For example, in *Ejikeme*, the Third Circuit affirmed a district court's screening dismissal of a *pro se* plaintiff's complaint bringing allegations that "appear[ed] to arise from some type of imagined campaign by the FBI to infect him with HIV and otherwise harass and annoy him by stealing various personal items and smearing his reputation at local discount stores." 639 F. App'x at 76. As the district court noted, the complaint was "replete with factual contentions that are fanciful [and] fail[ed] to set forth a coherent theory for legal relief." *Ejikeme v. Mueller*, No. 2:15CV8, 2015 WL 12912388, at *2 (W.D. Pa. Nov. 9, 2015), *aff'd sub nom. Ejikeme*, 639 F. App'x 75.

Here, Plaintiff's vague and somewhat incomprehensible allegations involving New Jersey law enforcement officers and FBI agents mirror those in *Ejikeme* and other complaints that have likewise been dismissed as baseless in this Circuit. *See, e.g.*, *Emrit v. Barkley*, No. 23-1275, 2023 WL 3300970, at *1 (3d Cir. May 8, 2023) (affirming dismissal of a complaint alleging that the CIA was utilizing certain advertisements to annoy or harass plaintiff); *Allen–Mensah v. O'Malley*, 215 F. App'x 86 (3d Cir. Feb. 2, 2007) (affirming judgment dismissing complaint alleging that FBI agents experimented on plaintiff); *Lampon-Paz v. Dep't of Homeland Sec.*, No. 13-CV-5757-WJM-MF, 2014 WL 252909, at *8 (D.N.J. Jan. 23, 2014) ("In general, Plaintiff's accusations that the government is reading his thoughts or putting thoughts in his head is not plausible."), *aff'd,* 612 F. App'x 73 (3d Cir. 2015). Accordingly, the Court will dismiss Plaintiff's complaint.

Accordingly, **IT IS** on this 22nd day of January, 2024,

**ORDERED** that Plaintiff's IFP application (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, to the extent that Plaintiff is able to cure the pleading deficiencies identified in this Order, he shall have sixty (60) days from the date of this Order to file an amended complaint; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED**; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint that comports with the Court's Order, the Clerk of the Court shall re-open this matter at that time.

**SO ORDERED.**

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**